UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Chase Bailey, Individually, and
Jesse Ian Bailey, as Trustee of the
Chase Bailey Insurance Trust,
    Plaintiffs

    v.

Lynn Buskey, Shawn McCarthy,          Case No. 12-cv-396-SM
and Buskey & McCarthy, LLP,           Opinion No. 2014 DNH 057
    Defendants/Third-Party Plaintiffs

    v.

Michael E. Chubrich, and
Michael E. Chubrich, P.A.,
    Third-Party Defendants

**O R D E R**

Before the court is third-party defendants, Michael Chubrich
and Michael Chubrich, P.A.'s, motion to dismiss the third-party
complaint, doc. no. 32.  Chubrich argues that the complaint is
time-barred and, in any event, fails to state a viable claim.

The third-party complaint was timely, having been filed
prior to the resolution of plaintiffs' claim against the
defendants and with plaintiffs' consent.  See N.H. Rev. Stat.
Ann. 507:7-g(III) and (IV) ("[I]f and only if the plaintiff in
the principal action agrees, a defendant seeking contribution may
bring an action prior to the resolution of the plaintiff's
principal action, and such action shall be consolidated for all
purpose with the principal action.").

Moreover, the third-party complaint states a claim for contribution against Chubrich because it plausibly asserts that Chubrich's independent acts of alleged malpractice contributed to plaintiffs' ultimate injury.  See RSA 507:7-g(III) ("A right of contribution exists between or among 2 or more persons who are jointly or severally liable upon the same indivisible claim, or otherwise liable for the same injury death or harm").  See also Trull v. Volkswagen of Am., Inc., 145 N.H. 259, 266 (2000) ("[T]wo or more tortfeasors may be jointly and severally liable where their negligence, through their independent acts, produces a single, indivisible injury.").  See also Schauer v. Joyce, 54 N.Y.2d 1, 5, 429 N.E. 2d 83, 84 (1981) (in third-party suit by original attorney against attorney who replaced him, "[t]he relevant question under [the contribution statute] . . . is not whether [the replacement attorney] owed a duty to [the original attorney], but whether [the attorneys] each owed a duty to [the plaintiff-client], and by breaching their respective duties contributed to her ultimate injuries.").

Contrary to Chubrich's argument, the contribution claim is not barred by the general rule, announced in MacMillan v. Scheffy, 147 N.H. 362, 365 (2001), that a non-client cannot hold an attorney liable for malpractice.  The rule is aimed at preserving an attorney's loyalty to the client.  See id. ("Where a client's interest is involved in a proceeding that is

adversarial in nature, the existence of a duty of the attorney to another person would interfere with the undivided loyalty which the attorney owes his client and would detract from achieving the most advantageous position for his client.") (quotation marks omitted).  That policy, however, is not "defeated by allowing a claim for contribution or indemnity by one attorney against another for alleged negligence in the representation of the same client."  Brown v. LaChance, 477 N.W. 2d 296, 301 (Wis. App. 1991).  To the contrary, "allowing such claims promotes that policy by assuring that any attorney who negligently represents a client may be held liable."  Id.

   For these reasons, Chubrich's motion to dismiss the third-party complaint, doc. no. 32, is necessarily denied.


      **SO ORDERED.**

                                   _____
                                   Steven J. McAuliffe
                                   United States District Judge

March 20, 2014

cc:  Michael E. Chubrich, Esq.
     Kristyn D. Kaupas, Esq.
     Robert A. McCall, Esq.
     Sean T. O'Connell, Esq.
     Alan K. Tannenwald, Esq.