UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Chase Bailey, Individually,
      Plaintiff/Counter-Defendant

Jesse Ian Bailey, as Trustee of the
Chase Bailey Insurance Trust,
      Plaintiffs

      v.

Lynn Buskey, Shawn McCarthy,                Case No. 12-cv-396-SM
and Buskey & McCarthy, LLP,                 Opinion No. 2014 DNH 156
      Defendants/Counter-Claimants/
      Third-Party Plaintiffs

      v.

Michael E. Chubrich, and
Michael E. Chubrich, P.A.,
      Third-Party Defendants

**O R D E R**

      Plaintiffs, Chase Bailey, individually, and Jesse Ian
Bailey, as trustee of the Chase Bailey Insurance Trust, bring
this action against the law firm of Buskey & McCarthy, LLP, and
its principals, Lynn Buskey and Shawn McCarthy.  Plaintiffs
allege that the defendants breached certain professional and
fiduciary duties owed them in relation to a complex insurance
financing transaction.  Defendants move for summary judgment on
all claims, doc. no. 56.

**Standard of Review**

Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor."  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).  However, the non-moving party cannot "manufacture a dispute of fact by contradicting his earlier sworn testimony without a satisfactory explanation of why the testimony is changed."  Abreu-Guzman v. Ford, 241 F.3d 69, 74 (1st Cir. 2001).

**Background**

In 2008, Chase Bailey's insurance agent, or producer, James Archibald, referred Bailey to the law firm of Buskey & McCarthy, LLP ("B&M") for the purpose of creating a life insurance trust (the "Trust").  Bailey financed a $20 million insurance policy from AIG to fund the Trust, and B&M's principals, Lynn Buskey and Shawn McCarthy, provided legal services in connection with establishing the Trust and served as trustees.

In 2009, a life insurance policy with Security Life of Denver ("ING") was sought to replace the AIG policy.  Financing

of the ING policy premiums involved a complex bond transaction (the "Transaction"), whereby Compass Bank would issue a letter of credit and hold collateral, and Bailey would serve as a guarantor and the source of collateral for Compass Bank.  The closing on the loan was scheduled for January 28, 2010.

Bailey delegated to Archibald and his associate, Karl Hahn, the authority to communicate on his behalf with the Trustees (B&M) for the purpose of handling the details of the Transaction, including providing Bailey's financial information.  Bailey understood that Buskey and McCarthy would be signing documents as Trustees, on behalf of the Trust, to obtain the insurance policy and he authorized them to do so.

In early January of 2010, Buskey and McCarthy began working on the Transaction.  Defendants made no attempt to discuss the Transaction directly with Bailey.  They did not explain risks associated with the Transaction or the fact that, as a key aspect of the financing, Bailey would pledge $1.7 million in collateral.

On January 26, 2010, B&M, by email, informed Bailey that it was not serving as bond counsel, nor as Bailey's financial advisor.  The email also cautioned Bailey that he should obtain independent professional advice and that he should confirm his complete understanding of the Transaction.  Although Bailey says

he did not read the email, he responded "please proceed."

Seeking a more definite statement of Bailey's agreement, McCarthy

resent the email to Bailey the next day.  Bailey responded

"please proceed.  I agree with the terms."


Before sending the email to Bailey on January 26, Buskey

forwarded a draft version of the email to Archibald for his

comments, referring to it as B&M's "typical CYA letter," and

stating "[w]e don't want to send it to Chase without going

through you of course."  Doc. no. 59-6, at 16.  Archibald

suggested that Buskey remove language which detailed Chase's

personal risks (e.g. that he would be pledging his own assets as

collateral and making personal financial guarantees), which she

did.  Also at Archibald's urging, Buskey removed the following

sentence:

> It is our responsibility as your estate planning
> attorneys (not as your trustees - so we are switching
> hats for a minute) to ensure that you understand that
> there is an alternative way to pay for the insurance
> with beneficial gift and estate tax results that does
> not require the involvement and fees of outside
> parties.

Doc. no. 59-7.


The Transaction closed, as scheduled, on January 28, 2010.

Subsequently, Bailey apparently paid some attention to the

details of the Transaction and promptly refused to provide the

required collateral.  Instead, on the advice of his then

4

attorney, Michael Chubrich, Esq., he transferred a substantial sum of cash from his personal Deutsche Bank account to offshore accounts in an effort to avoid his financial obligation under the Transaction.

In light of Bailey's breach, Compass Bank instituted arbitration proceedings against Bailey, Buskey, McCarthy, and B&M.  An arbitration panel ruled in favor of Buskey, McCarthy, and B&M, and awarded them $18,000 in attorneys' fees and costs. Bailey, however, settled with Compass Bank, paying approximately $2.8 million in damages.  Bailey then sued Archibald in state court; that case is pending.  Together with the current trustee of the Trust (Jesse Bailey) Bailey also brought this suit against Buskey, McCarthy, and B&M, seeking to recover Bailey's losses (the amount paid to Compass Bank) including attorneys' fees and interest.

## Discussion

The gist of Bailey's claims is that the defendants, in their handling of the Transaction, breached professional and fiduciary duties that Bailey says they owed him, as his estate planning attorneys.[1]  Specifically, Bailey complains in general terms that

---

1  Plaintiffs have not seriously advanced the Trustee's claims. There was virtually no discussion about those claims at oral argument on the motion for summary judgment.  More fundamentally, however, none of the four counts of the complaint state claims by the Trustee.  Count I ("Breach of Duty") alleges "duty,"

defendants were not experienced in handling the "extremely complex" Transaction, and, having become "overwhelmed with the enormity of" it, they should have requested that the closing be postponed.  Pl. Obj., doc. no. 59, at 1.  In addition, Bailey says, the defendants should have communicated better with him and kept him informed of the "risks and/or exposure of the transaction."  Complt., doc. no. 1, at 8, 9.  Bailey alleges that "[b]ut for" defendants' failures to fulfill their obligations as [his] attorneys, "Bailey would not have entered into the transactions, investments, and/or agreements with Compass Bank and ING."  Id.

"In a legal malpractice case, a plaintiff must prove: (1) that an attorney-client relationship existed, which placed a duty upon the attorney to exercise reasonable professional care, skill and knowledge in providing legal services to that client; (2) a breach of that duty; and (3) resultant harm legally caused by that breach."  Furbush v. McKittrick, 149 N.H. 426, 432 (2003). "Whether an attorney-client relationship exists is a question of law that 'is predicated on the circumstances of each case.'"  In

---

"breach," and "damages" as to Bailey, individually, but none as to the Trustee.  Count II ("Consumer Protection") alleges a violation as to Bailey, individually.  Count III ("Breach of Fiduciary Duty") does a little better, as it alleges a fiduciary duty owed by the defendants to the Trust, but it fails to allege that defendants breached any duties owed to the Trust, or that the Trust was harmed in some way.  For these reasons, the Trustee's claims, such as they are, are dismissed.

re Mullen, 2007 WL 2712957, at *6 (Bankr. D.N.H. Sept. 14, 2007)
(citing McCabe v. Arcidy, 138 N.H. 20 (N.H. 1993)).

The motion for summary judgment turns on defendants'
contention that Buskey and McCarthy were not Chase Bailey's
estate planning attorneys, as alleged, and therefore cannot be
liable for malpractice (at least not in that capacity).  The
court agrees that the uncontroverted evidence establishes that
defendants were not Bailey's estate planning attorneys, as that
role is generally understood.  Bailey himself concedes that he
did not retain the defendants to handle the broad array of estate
planning transactions that typically comprise estate planning
work.  But the absence of an estate planning lawyer-client
relationship does not end the story.

Oral argument on defendants' motion for summary judgment
productively narrowed and clarified the issues in this case, and
the court appreciates the candor and rigor of counsel for both
sides.  At bottom, the question here is whether defendants had
*any* attorney-client relationship with Bailey.  As counsel for
defendants correctly conceded, they did.  Defendants plainly were
retained to perform legal work for Bailey in connection with the
establishment of the insurance trust.  Chase Bailey was both the
settlor and guarantor.  Although the precise scope of the
limited-purpose relationship, and defendants' fulfillment of its

legal responsibilities remain in dispute, there is no question that an attorney-client relationship existed between Chase Bailey and the defendants.  Additional material factual disputes appear to exist, as well, with respect to causation and, if liability exists, the extent of any damages arising from Bailey's decision, on the apparent advice of Attorney Chubrich, to breach his contractual obligation to Compass Bank under the terms of the Transaction.

Accordingly, because resolution of Bailey's claims depend on resolution of disputed material facts, the motion for summary judgment (doc. no. 56) is necessarily denied as to those claims. The motion is granted as to the Trustee's claims.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 15, 2014

cc:  Scott M. Fogg, Esq.
     Sean T. O'Connell, Esq.
     Kristyn D. Kaupas, Esq.
     Robert A. McCall, Esq.
     Tierney M. Chadwick, Esq.